UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: ATIF, INC.
_____

DANIEL J. STERMER,

      Appellant,

v.                                                                         Case No: 2:21-cv-950-JLB

OLD REPUBLIC NATIONAL
TITLE INSURANCE
COMPANY, OLD REPUBLIC
NATIONAL TITLE HOLDING
COMPANY, OLD REPUBLIC
TITLE COMPANIES, INC. and
ATTORNEYS TITLE FUND
SERVICES, LLC,

      Appellees.
_____/

# ORDER[1]

Appellant Daniel J. Stermer as Creditor Trustee moves the Court to supplement the record in this bankruptcy appeal. (Doc. 60.) Appellees, Old Republic Title Companies, Inc., Old Republic National Title Holding Company, Old Republic Title Insurance Company, and Attorneys' Title Fund

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Services, LLC, oppose the motion. (Doc. 61.) For the following reasons, Appellant's motion is DENIED.

## BACKGROUND[2]

The Debtor, ATIF, Inc., was a licensed title insurance company that experienced financial difficulties. To maintain a surplus (the value of Debtor's assets over its liabilities) at a level required by Florida law for a title insurer to continue to issue new policies, Debtor entered into a joint venture agreement with OR Holding. After several years, additional infusions of cash, asset transfers, and amended agreements, Debtor filed a Chapter 11 Petition. The Bankruptcy Court confirmed the Second Amended Chapter 11 Plan and appointed Appellant as the Creditor Trustee.

As Creditor Trustee, Appellant launched an adversary proceeding to recover alleged fraudulent transfers and establish alter ego status and successor liability for OR Holding and OR Companies. The Bankruptcy Court entered final judgment against Appellant on all counts. Now, Appellant asks this Court to reverse the Bankruptcy Court's decisions about fraudulent transfer, alter-ego status, and successor liability. (Doc. 16.) Within these broad contours, Appellant raises nine distinct challenges. But

---

[2] Because of the nature of the pending motion, the Court provides only a very abridged factual background here. The Bankruptcy Court's findings of fact can be found at Doc. 3-349.

the pending motion raises a straightforward issue: Should the Court permit Appellant to supplement the record on appeal?

Appellant argues that the Court's complete review of the parties' arguments and rebuttals depends on additional materials being added to the record. But Appellees urge the Court to deny the motion because these materials—communications and draft proposed orders shared between the parties—were never considered by the Bankruptcy Court and are not material.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 8009(e) governs requests to correct or modify the record on appeal, and it limits the addition of supplemental materials to items material to the decision below that were omitted from the record on appeal by error or accident:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted:
> (A) on stipulation of the parties;
> (B) by the bankruptcy court before or after the record has been forwarded; or
> (C) by the court where the appeal is pending.

Fed. R. Bankr. P. 8009(e)(2). The rule provides three options for correcting erroneous or accidental omissions so that "the appellate court has a complete and accurate record of the proceedings that occurred in the original court." In

3

re McCarthy, No. 2:19-CV-664-FTM-38, 2020 WL 8970606, at *1 (M.D. Fla. Mar. 2, 2020) (quoting Uebel v. Evans, No. 4:19-cv-00032-TWP-DML, 2020 WL 759415, *4 (S.D. Ind. Feb. 13, 2020)).

But Rule 8009(e) should not be used "to present new evidence to the appellate court that the original court never considered." In re McCarthy, 2020 WL 8970606, at *1 (quoting Uebel, 2020 WL 759415, at *4). Courts "rarely enlarge the record on appeal to include material not before the [trial] court which has labored without the benefit of the proffered material." CSX Transp., Inc. v. City of Garden City, 235 F.3d 1325, 1330 (11th Cir. 2000) (citing Hormel v. Helvering, 312 U.S. 552, 556 (1941)). Furthermore, if something was not presented below, then it should not be part of the record on appeal. E.g., Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1061 n.2 (11th Cir. 2011) (collecting cases).

With this backdrop, Appellant's motion to supplement the record will be denied for three reasons. First, Appellant has not established that the materials have been omitted from the record by error or accident. Appellant argues that the communications between the parties are necessary to rebut adequately Appellees' arguments, but this does not establish that the documents were omitted from the record erroneously or accidentally. Second, Appellant has not established that these items are material to the issues before the Court. The back-and-forth communications between the parties

4

were not material to the Bankruptcy Court's findings and conclusions, and they are not material to this Court's review of the same. And third, none of the documents Appellant seeks to add to the record were ever before the Bankruptcy Court when it entered the orders being appealed. This is reason enough to deny the motion because generally, "an appellate court will refuse to consider an issue not presented to the trial court and raised for the first time on appeal." See In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1301 (11th Cir. 2003).

## CONCLUSION

Accordingly, it is now

**ORDERED:**

Appellant's Motion to Supplement the Record (Doc. 60) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 31, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

5